IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JULIO GONZALES, | } | |
| TDCJ-CDI No. 1148024, | } | |
|     Petitioner, | } | |
| v. | } | CIVIL ACTION G-07-493 |
| NATHANIEL QUARTERMAN., | } | |
|     Respondent. | } | |

OPINION ON DISMISSAL

Petitioner Julio Gonzales, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 state court felony conviction. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.  PROCEDURAL HISTORY

Petitioner reports that, on January 29, 2003, pursuant to a plea of guilty, he was convicted in the 130th District Court of Matagorda County, Texas, of possession with intent to deliver a controlled substance and sentenced to seventy-five years confinement in TDCJ-CID. Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on May 18, 2005. *Gonzales v. State*, No. 13-03-090-CR (Tex. App.–Corpus Christi 2004, pet. ref'd); PD-1302-04. Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about August 16, 2005. *See* 28 U.S.C. § 2244(d)(1)(A).

On March 15, 2006, petitioner filed a state habeas application, which the Texas Court of Criminal Appeals denied on January 10, 2007, on the trial court's findings after a hearing. *Ex parte Gonzales*, Application No.WR-64,671-01. Petitioner filed a federal habeas petition on or about September 5, 2007, in this Court.[1] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on grounds that that he was denied the effective assistance of counsel at trial and his plea was involuntary. (Docket Entry No.1).

II.   ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C.§2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The district clerk actually recorded the petition as filed on September 11, 2007, but petitioner indicates that he mailed the petition on September 5, 2007. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320, 117 (1997)). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on August 16, 2005, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on August 16, 2006. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner's state application was pending before the Texas Court of Criminal Appeals for 301 days; thus tolling the limitations period for filing the federal application until June 3, 2007. Petitioner filed the pending federal habeas action on September 5, 2007, two months after the

expiration of the limitations period. Therefore, his federal habeas petition is untimely and subject to dismissal.

The Court ordered petitioner to file a written statement addressing the limitations bar and equitable tolling, if applicable. (Docket Entry No.15). In his response to the Order, petitioner indicates that his petition is not time-barred because he did not receive a copy of the state habeas courts' findings of facts and conclusions of law until after June 1, 2007. (Docket Entry No.16). He claims that soon after he received such findings, he filed the pending petition. (*Id.*).

As previously discussed, the limitations period in this case was statutorily tolled during the pendency of petitioner's state habeas application before the Texas Court of Criminal Appeals, which includes the Texas court's consideration of the state habeas court's findings of fact and conclusions of law. *See Phillips v. Donnelly*, 216 F.3d 508, 510-11 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Because petitioner's state habeas application was no longer pending and the statute of limitations to file a federal habeas petition had expired on June 3, 2007, petitioner was no longer entitled to statutory tolling of the limitations period after June 3, 2007, even though he had not received a copy of the state habeas court's findings of fact and conclusions of law. *See id*.

To the extent that petitioner seeks equitable tolling of the limitations period on the same ground, petitioner fails to show his entitlement to such relief. Petitioner contends that without the findings of fact and conclusions of law, which were entered on September 21, 2006, he was not able to prosecute a federal petition. (Docket Entry No.16). Petitioner does not

contend, however, that he was not timely notified that his state habeas application had been denied on January 10, 2007.

Notwithstanding the un-timeliness of petitioner's federal petition, the limitations period may be equitably tolled under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A federal habeas petitioner has the burden of establishing that equitable tolling applies. *Phillips,* 216 F.3d at 511. A "garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Amer. President Lines*, 96 F.3d 124, 128 (5th Cir.1998)). However, a delay in receiving notification of the denial of a state habeas application may qualify for equitable tolling. *Phillips*, 216 F.3d at 511. In such an instance, the diligence of the petitioner is of foremost concern, because "equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

In this case, petitioner delayed the filing of his state habeas application by 221 days after his conviction became final. Petitioner provides no explanation for this delay. Petitioner waited another 238 days after his state habeas application was denied before he filed the pending federal petition. Although he attributes this delay to the untimely receipt of the state district court's findings of facts and conclusions of law, he proffers no explanation as to the necessity of such findings and proffers no report of his attempt to acquire such findings from September 21, 2006 until after June 1, 2007.[2] Consequently, petitioner has not demonstrated that he acted diligently while pursing habeas relief in both the state and federal courts; therefore, he is

---

[2] The Texas Court of Criminal Appeals ordered the state habeas court to submit supplemental findings of fact and conclusions of law within 120 days of its May 24, 2006 Order. Under such Order, the findings of fact and conclusions of law were due no later than September 21, 2006. Petitioner does not indicate that he was unaware of the May 24, 2006 Order or the September, 2006 deadline.

not entitled to equitable tolling based on the alleged delay in receiving the state court's findings of facts and conclusions of law.

Moreover, petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C.§2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C.§2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.§2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.   CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 10th day of June, 2008.

　　　　　　　　　　　　　　　　　　　　　MELINDA HARMON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE